IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | No. 3:01cr303-11 |
| : | No. 3:02cr141-01 |
| v. : | No. 3:04cv2747 |
| : | (Judge Munley) |
| ROBERTO FRANCISCO CABRERA, : | |
| Defendant : | |

## MEMORANDUM and ORDER

Before the court for disposition is the motion for resentencing filed by the defendant that we have construed as a motion under 28 U.S.C. § 2255. The matter has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be denied.

**Background**

This court sentenced defendant on January 8, 2004 in two criminal cases, 3:01cr303 and 3:02cr141, to a year and a day to be served concurrently. Defendant did not appeal his sentence, thus his conviction became final ten (10) days after entry of the judgment on the district court's docket, January 8, 2004. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). On December 13, 2004, defendant filed the instant motion, bringing the case to its present posture.

**Discussion**

Defendant seeks to be resentenced pursuant to the United States Supreme Court case of Blakely v. Washington, - - U.S. - - , 124 S.Ct. 2531 (2004). In Blakely, the United States Supreme Court held that the state of Washington's criminal sentencing scheme violated a

defendant's constitutional right to a jury trial because it allowed the sentencing judge to enhance a sentence beyond the statutory maximum based upon facts not proven to a jury beyond a reasonable doubt. Id. The Supreme Court subsequently applied the same reasoning to the United States Sentencing Guidelines in United States v. Booker, - - U.S. - - , 125 S.Ct. 738 (2005). Therefore, if the defendant is entitled to relief at all it is under Booker, not Blakely, as Booker applies to federal sentences.

Defendant is not, however, entitled to resentencing. The Third Circuit Court of Appeals has held that Booker is not retroactive to section 2255 motions where the judgment was final as of January 12, 2005, the date Booker was issued. Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005). As noted above, defendant's judgment was final in January 2004. Accordingly, Booker does not apply to his case, and his motion will be denied.

**AND NOW**, to wit, this __13__ day of June 2005, the defendant's motion for re-sentencing, which we have construed as a motion under 28 U.S.C. § 2255 (Doc. 17) is hereby **DENIED**. The Clerk of Court is directed to close case number 3:04cv2747.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court